STATE of Wisconsin, Plaintiff-Respondent,

v.

Franz MICHELS, Defendant-Appellant. † ⟩

Court of Appeals

*No. 88–0957–CR. Submitted on briefs March 10, 1989.— Decided April 5, 1989.*

(Also reported in 441 N.W.2d 278.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark Lukoff,* first assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Christopher G. Wren,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Franz Michels appeals from an order which denied his motion to modify his sentence. Because we conclude that Michels' worsening health is not a new factor entitling him to resentencing, we affirm the trial court's order.

Franz Michels was sentenced on August 14, 1986, to an indeterminate term of imprisonment not to exceed eight years. He had been convicted of manslaughter for the death of his twelve-year-old foster child. At the time of sentencing, it was known that Michels suffered from diabetes, high blood pressure and back problems.

In October of 1987, Michels suffered a heart attack while incarcerated. He also had a cardiac arrest while in the hospital and underwent a triple bypass operation. His post-discharge diagnoses include unstable angina, coronary artery disease, a diabetic foot ulcer, and diabetic retinopathy.

On March 29, 1988, Michels moved for modification of his sentence based on "new factors" concerning his health. At the motion hearing, the trial court ruled that Michels' health was not a new factor, noting that the court had considered his health and medical needs at the time of sentencing. The trial court stated that Michels' medical needs were more properly the concern of the custodial agency, the Department of Health and Social Services (the department), and that Michels' treatment needs were being met by the division of corrections within the department. Michels appeals.

██

A trial court may, in its discretion, modify a criminal sentence upon a showing of a new factor. *State v. Hegwood,* 113 Wis. 2d 544, 546, 335 N.W.2d 399, 401 (1983).

> [T]he phrase "new factor" refers to a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*Rosado v. State,* 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 (1975). Our supreme court has recently held that defendants must establish the existence of a new factor by clear and convincing evidence. *State v. Franklin,* 148 Wis. 2d 1, 9–10, 434 N.W.2d 609, 611–12 (1989). This promotes the policy of finality of judgments and satisfies the purpose of sentence modification, i.e., the correction of unjust sentences. *Id.* at 9, 434 N.W.2d at 611–12.

Whether a set of facts is a "new factor" is a question of law which we review without deference to the trial court. *Hegwood,* 113 Wis. 2d at 546–47, 335 N.W.2d at 401. Whether a new factor warrants a modification of sentence rests within the trial court's discretion. *Id.* at 546, 335 N.W.2d at 401.

Michels argues that the trial court abused its discretion because it relied on an erroneous legal standard, i.e., the trial court's conclusion that Michels' medical condition was not a new factor under *Rosado.* However, we conclude that the case law since *Rosado* has limited the "new factor" standard to situations where the new factor frustrates the purpose of the original sentencing.

In *Rosado,* the supreme court concluded that the defendant's willingness to present his side of a particular incident was not a new factor. *Rosado,* 70 Wis. 2d at 288, 234 N.W.2d at 73. The supreme court set forth the definition of "new factor" quoted above and concluded that Rosado's failure to testify at the original sentencing hearing was a conscious tactical choice and not something that was "unknowingly overlooked." *Id.* at 288–89, 234 N.W.2d at 73.

In *Hegwood,* the defendant was sentenced to a prison term of twenty-five years. Subsequently, the law was amended to prescribe a maximum penalty of twenty years for the crime. Hegwood argued that the reduction

of the maximum penalty was a new factor because it reflected the legislature's assessment of the gravity of the offense. *Hegwood,* 113 Wis. 2d at 545–46, 335 N.W.2d at 400. The supreme court concluded that the reduction of the maximum penalty was not "highly relevant to the imposition of sentence" and therefore not a new factor. *Id.* at 547, 335 N.W.2d at 401. The court relied primarily on the fact that the reduced maximum penalty could not, by statute, be retroactively applied. *Id.* at 547–48, 335 N.W.2d at 401. On the same day, the supreme court also held that proposed felony sentencing guidelines were not a new factor. *State v. Macemon,* 113 Wis. 2d 662, 669, 335 N.W.2d 402, 406 (1983).

In *State v. Krueger,* 119 Wis. 2d 327, 351 N.W.2d 738 (Ct. App. 1984), the defendant alleged two new factors: (1) his need for specialized treatment (for an alcohol and drug problem) could not be met in his current correctional setting, and (2) his post-sentencing conduct showed further remorse and positive change. *Id.* at 333, 351 N.W.2d at 741. The court of appeals noted that the trial judge was aware at sentencing that a correctional setting could be inadequate for and interfere with the defendant's rehabilitative needs. *Id.* at 333–34, 351 N.W.2d at 742. As such, this was not a new factor. The court of appeals also stated that the defendant's rehabilitation, as well as his change in attitude, were factors to be considered by the department, not by a trial court in a motion for reduction of sentence. *Id.* at 335, 351 N.W.2d at 742.

In *State v. Sepulveda,* 119 Wis. 2d 546, 350 N.W.2d 96 (1984), Sepulveda was convicted of abduction and given a stayed sentence of six years and placed on probation for three years, on the condition that he voluntarily admit himself to Mendota Mental Health Institute. *Id.* at 548–49, 350 N.W.2d at 98. Sepulveda presented him-

self to Mendota but was denied admission. *Id.* at 549, 350 N.W.2d at 98. On the state's motion for reconsideration, the trial court set aside the original sentence and imposed a three-year term of imprisonment on the abduction charge. *Id.* at 549–50, 350 N.W.2d at 98–99.

The supreme court held that this was not a revocation of probation, but a modification of sentence, and should only be used in cases where the judge's intent in granting probation is completely frustrated due to the failure of a primary condition. *Id.* at 557, 350 N.W.2d at 101–02; *see also State v. Sepulveda,* 120 Wis. 2d 231, 231, 353 N.W.2d 790 (1984) (on motion for reconsideration). The court analogized the case to those involving modification of a sentence based on new factors. *Sepulveda,* 119 Wis. 2d at 557, 350 N.W.2d at 102. The court stated that the new factor—the untreatable nature of Sepulveda's personality disorder—entirely frustrated the judge's intent and circumvented the dual purposes of probation, the defendant's rehabilitation and society's protection. *Id.* at 560–61, 350 N.W.2d at 104.

This line of cases indicates to us that the definition of a new factor is not as broad as Michels argues. We conclude that a "new factor" must be an event or development which frustrates the purpose of the original sentence. There must be some connection between the factor and the sentencing—something which strikes at the very purpose for the sentence selected by the trial court.

Michels' position would appear to be that because his health is a fact which the trial court could have considered at the original sentencing, it is a new factor. This approach has been rejected. *See Hegwood,* 113 Wis. 2d at 547–48, 335 N.W.2d at 401–02 (holding that a statutory reduction of the maximum penalty—something which would have been *required* to be considered

had it been in existence at the time of the original sentencing—was not a new factor); *see also* Comment, *Sentence Modification by Wisconsin Trial Courts,* 1985 Wis. L. Rev. 195, 213–14.

While we do not doubt the serious nature of Michels' health concerns, we conclude, as did the trial court, that the department, and, more particularly, its division of corrections and/or parole board, is better suited to evaluate this "new information." *See Krueger,* 119 Wis. 2d at 335, 351 N.W.2d at 742; *see also* Comment, *supra,* at 214–15 (suggesting that the suitability of other institutions for evaluating new information is a policy consideration which restricts the definition of "new factor").

The recent worsening of Michels' health does not frustrate the sentencing judge's original intent. The trial court correctly denied the modification motion on the basis that Michels' health was more properly a consideration for the department.[1]

*By the Court.*—Order affirmed.

---

[1] We note that Michels does not allege that his care has been inadequate, or that his continued incarceration is cruel and unusual punishment. The trial court found that Michels' treatment needs are being met. Further, we presume that the department will fulfill its obvious duty to see that Michels' sentence "becomes one neither of excessive cruelty nor, worse, of death." *See United States v. King,* 442 F. Supp. 1244, 1248 (S.D.N.Y. 1978).