STATE of Wisconsin, Plaintiff-Respondent,

v.

Brian TOLIVER, Defendant-Appellant.†

Court of Appeals

*No. 93–1884–CR. Submitted on briefs April 13, 1994.—Decided September 7, 1994.*

(Also reported in 523 N.W.2d 113.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Patricia Flood*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, with *Jerome S. Schmidt*, assistant attorney general.

Before Sullivan, Fine and Schudson, JJ.

SULLIVAN, J.   Brian Toliver appeals from a judgment of conviction for two counts of first-degree sexual assault, party to a crime, contrary to §§ 940.225(1)(c) and 939.05, STATS. He also appeals from an order denying his motion for postconviction relief.

Toliver raises three issues for our review. First, he argues that the trial court erred when it concluded that the State was unilaterally and fully discharged from the terms of a plea agreement. Second, Toliver argues he was denied effective assistance of counsel and that the trial court erred when it denied this claim without a *Machner*[1] hearing. Finally, he argues that the trial court erred when it refused to consider a disparity in the sentences of Toliver and his co-defendant as either a new factor justifying a sentence modification or a factor rendering the original sentence harsh and excessive. We affirm.

Toliver and a co-defendant, Deangelo Banks, were arrested for the sexual assault of a woman. They were prosecuted separately. Toliver was charged with four counts of first-degree sexual assault, party to a crime. The State and Toliver entered into a written plea agreement whereby Toliver agreed to testify against Banks, and to plead guilty to two counts of first-degree sexual assault. In exchange, the State agreed to dismiss the two remaining counts against Toliver and, on the two guilty-plea counts, either to recommend a term of eight years and a consecutive twenty-year term of probation, or to recommend imprisonment but leave the length of the imprisonment to the discretion of the trial court. The sentencing on these convictions would

---

[1] *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

take place after Banks's prosecution was concluded, but before his sentencing.

Toliver pled guilty to the two counts, but then refused to testify against Banks. The trial court declared the plea agreement null and void. Toliver requested appointment of new counsel and withdrawal of his two pleas. The trial court granted his request for new counsel, but denied the withdrawal of the pleas until new counsel was appointed.

Toliver appeared for sentencing on the two counts, at which time his new counsel objected to the proceeding and stated that Toliver wished to withdraw his pleas, and that it was his counsel's belief that Toliver had not been fully informed of the consequences or details of the plea agreement. The trial court denied the motion to withdraw the pleas and set the matter over for sentencing. The court indicated that it would consider a written motion to withdraw the pleas, but one was never filed.

At his sentencing on the two counts, the State recommended consecutive terms of imprisonment, totalling ten to twelve years. The trial court, however, sentenced him to two consecutive seven-year prison terms instead. Toliver entered not guilty pleas to the remaining two counts and they were set for trial. These counts were later dismissed upon the motion of the State. Subsequent to Toliver's sentencing, Banks was convicted of four counts of first-degree sexual assault before a different trial court. That court sentenced Banks to seven years on each count. Three of the terms were concurrent to each other and were stayed. In addition, Banks was placed on ten years probation on these counts. The other seven-year term of incarceration, however, was not stayed.

Toliver filed a postconviction motion for sentence modification, alleging that his guilty pleas to the two counts of sexual assault constituted partial performance of the plea agreement that in turn obligated the State to perform its portion of the agreement allegedly tied to the guilty pleas (i.e., the sentencing recommendation). Additionally, Toliver alleged that the State's recommendation of consecutive twelve-year sentences was a breach of the agreement and, therefore, Toliver requested resentencing as a remedy for the breach. Toliver's postconviction motion also requested resentencing on the grounds that his sentence was harsh and excessive, and in the alternative, he requested a sentence modification on the grounds that the disparity between Banks's and his sentences constituted a new factor. Toliver requested hearings to determine whether: (1) he was entitled to resentencing because the State breached the plea agreement; (2) his sentence was harsh and excessive; (3) he was denied effective assistance of counsel; and (4) he was entitled to a sentence modification. By written order and without a hearing, the trial court denied Toliver's motion. He appeals.

## BREACH OF PLEA AGREEMENT

Toliver makes three disparate arguments concerning the plea agreement. First, he argues that if the plea agreement was rendered null and void by his failure to testify against Banks, then the agreement was void both as to the State and as to him. He asserts, therefore, that he should have been permitted to withdraw his guilty pleas. Second, he argues that his two guilty pleas constituted partial performance of the plea agreement and, therefore, the State was obligated to give its sentencing recommendation on those two counts. Toli-

ver argues that because the State did not give the agreed upon sentencing recommendation, it breached that portion of the plea agreement and, thus, Toliver is entitled to resentencing as a remedy for the State's breach. Finally, he asserts his due process rights were violated when the trial court allowed the State to fully withdraw from the plea agreement without a hearing to determine what the appropriate remedy was for Toliver's breach of the agreement.

We have stated that a plea agreement is analogous to a contract and, therefore, we draw upon contract law principles to interpret a plea agreement. *State v. Windom*, 169 Wis. 2d 341, 348, 485 N.W.2d 832, 835 (Ct. App. 1992). Construction of a written contract is a question of law we review *de novo*. *Leitzke v. Magazine Marketplace, Inc.*, 168 Wis. 2d 668, 673, 484 N.W.2d 364, 366 (Ct. App. 1992). Furthermore, when terms of a contract are plain and unambiguous, we will construe the contract as it stands. *Borchardt v. Wilk*, 156 Wis. 2d 420, 427, 456 N.W.2d 653, 656 (Ct. App. 1990). The analogy to contract law, however, is not entirely dispositive because a plea agreement also implicates a defendant's due process rights. *State v. Rivest*, 106 Wis. 2d 406, 413, 316 N.W.2d 395, 399 (1982).

*A. Construction of the Plea Agreement*

Toliver asserts that a proper construction of the plea agreement requires that we find the agreement void as to both parties. We disagree.

The unambiguous language of paragraph ten prescribes exactly what was to transpire in the event Toliver refused to testify against Banks:

355

10. In the event that Brian Toliver refuses to testify at the trial of Deangelo Banks or at any proceeding . . . against Deangelo Banks in which the State requires his testimony; . . . this agreement .shall be null and void and the State of Wisconsin will be free to recommend any period of incarceration, including the maximum period of incarceration when Brian Toliver is sentenced for the offenses of First Degree Sexual assault and or to proceed against him in any other charges it deems appropriate under the circumstances, including the two charges of First Degree Sexual assault . . . for which he has not pled guilty.

Toliver agreed to the provisions of paragraph ten. Furthermore, at the hearing where Toliver refused to testify against Banks and prior to declaring that Toliver had breached the agreement, the trial court read paragraphs ten and fifteen[2] to Toliver to ensure he understood the consequence of his refusal to testify. As we stated in *Dykstra v. Arthur G. McKee & Co.*, 92 Wis.

---

[2] Paragraph 15 of the plea agreement states:

15. If Brian Toliver choses [sic] to accept this agreement, he will, on February 20, 1992, before Judge Jeffrey Wagner, enter a guilty plea to two counts of First Degree Sexual Assault (PTAC) in case F-914472. The State will advise the court of the agreement between itself and Brian Toliver but will not on that date move to dismiss the two other counts of First Degree Sexual Assault (PTAC) currently pending against Brian Toliver in case F-914472. At the completion of the prosecution of Deangelo Banks in case F-914374, the State will appear before Judge Wagner and move to dismiss Count #03 and #04 against Brian Toliver in case F-914472. The State will make this motion only if Brian Toliver fully cooperates, as set forth in this agreement, with the State of Wisconsin in the prosecution of Deangelo Banks in case F-914374. Should Brian Toliver refuse to cooperate in the prosecution of Deangelo Banks in case F-914374, the State will be free to prosecute Brian Toliver for First Degree Sexual Assault for the two counts for which he has not pled guilty.

2d 17, 38, 284 N.W.2d 692, 702-03 (Ct. App. 1979), *aff'd*, 100 Wis. 2d 120, 301 N.W.2d 201 (1981), we may not use rules of contract construction to revise an unambiguous contract in order to relieve parties to a contract "from any disadvantageous terms" to which they have agreed.

We also conclude that Toliver's due process rights are not violated by this construction of the plea agreement. The supreme court stated in *Rivest* that the constitutional due process requirements of "decency and fairness" are satisfied if the party seeking to vacate a plea agreement establishes that there is a material and substantial breach of the agreement. *Rivest*, 106 Wis. 2d at 414, 316 N.W.2d at 399. Toliver concedes in his appellate brief that his refusal to testify was a material breach of the agreement. We agree and therefore conclude that the due process requirements are satisfied.

## B. Partial Breach of Plea Agreement

Toliver additionally asserts that his guilty plea to the two counts constituted partial performance of the plea agreement, and therefore, the State was obligated to specifically perform the agreed upon sentencing recommendations. Toliver then posits that because the State did not comply with the sentencing recommendation, the State breached the agreement and he is therefore entitled to a new sentencing hearing. We reject this argument.

As the supreme court stated in *Rivest*: "To allow a defendant to claim the benefit of an agreement where, he, himself is in default, offends fundamental concepts of honesty, fair play and justice." *Id*. The State did not

357

breach the agreement, Toliver did. The State was following the sanction proviso of paragraph ten when it gave its sentencing recommendation. Thus, to allow Toliver to claim the benefit of a new sentencing hearing when he breached the agreement offends the fundamental concepts of *Rivest*.

## C. **Rivest** *Hearing*

Toliver asserts his due process rights were violated when the trial court allowed the State to withdraw from the plea agreement without a hearing to determine what the appropriate remedy was for his breach. We disagree.

*Rivest* requires that when the State seeks release from its obligations under a plea agreement because of an alleged breach of the agreement by the defendant, an evidentiary hearing is necessary to determine if there was a breach and if that breach was sufficiently material to release the State from its obligations under the agreement. *Id.* at 411, 316 N.W.2d at 398 (citing *Gamble v. State*, 604 P.2d 335, 337 (Nev. 1979)).

In the present case, Toliver's agreement to testify against Banks was a *sine qua non* of the plea agreement. His refusal to testify was an obvious material and substantial breach of the agreement. Furthermore, the State did not seek release from the agreement but in reality was merely enforcing the sanctions of paragraphs ten and fifteen. We therefore conclude that the trial court properly determined that Toliver's refusal to testify was a material breach of the agreement and that an evidentiary hearing on the matter was unnecessary.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Toliver asserts he was denied the effective assistance of counsel when trial counsel did not object to the State's alleged breach of the plea agreement at sentencing. He also asserts the trial court erred when it denied his ineffective assistance of counsel motion without holding a *Machner* hearing. We disagree.

■■■■ The United States Supreme Court set out the two-part test for ineffective assistance of counsel under the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong of *Strickland* requires that the defendant show that counsel's performance was deficient. *Id.* at 687. This demonstration must be accomplished against the "strong presumption that counsel acted reasonably within professional norms." *State v. Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845, 848 (1990). The second *Strickland* prong requires that the defendant show that counsel's errors were serious enough to render the resulting conviction unreliable. *Strickland*, 466 U.S. at 687. In reviewing the trial court's decision, we accept its findings of fact, its " 'underlying findings of what happened,' " unless they are clearly erroneous, while we review "the ultimate determination of whether counsel's performance was deficient and prejudicial" *de novo*. *Johnson*, 153 Wis. 2d at 127-28, 449 N.W.2d at 848 (citation omitted).

In denying the ineffective assistance of counsel motion, the trial court determined that: "Since the plea agreement was first breached by the Petitioner and declared null and void by Judge Jeffrey A. Wagner, there was no agreement to object to on the part of [Toliver's counsel] and thus there is no basis for Petitioner's claim of ineffective assistance of counsel." We agree with the trial court's conclusion.

As we stated above, Toliver's skewed interpretation of the agreement would equate the State's exercise of its contract rights with a breach of the agreement. The State did not withdraw from the agreement—it enforced its rights. Therefore, trial counsel was not ineffective for failing or refusing to pursue feckless arguments. *Krebs v. State,* 64 Wis. 2d 407, 412-20, 219 N.W.2d 355, 357-61 (1974). Toliver has failed to show that trial counsel's performance was deficient and thus, we determine his ineffective assistance of counsel claim is meritless. We next address Toliver's contention that the trial court erred when it failed to hold a *Machner* hearing before it denied his ineffective assistance of counsel motion.

Before a trial court must grant an evidentiary hearing on ineffective assistance of counsel claims, defendants must allege sufficient facts in their motion to raise a question of fact for the court. *See State v. Washington,* 176 Wis. 2d 205, 214-15, 500 N.W.2d 331, 335-36 (Ct. App. 1993). A conclusory allegation of ineffective assistance of counsel, unsupported by any factual assertions, is legally insufficient and does not require the trial court to conduct an evidentiary hearing. *Id.* We further note that if the motion does not allege sufficient facts to raise a question of fact, the trial court may still, within its discretion, grant a *Machner* hearing.

Upon appeal, we review the defendant's motion to determine whether it alleges facts sufficient to raise a question of fact necessitating a *Machner* hearing. This review is *de novo. See State v. Adams,* 152 Wis. 2d 68, 74, 447 N.W.2d 90, 92 (Ct. App. 1989) (review of suffi-

ciency of pleadings independently reviewed by appellate court); *but see Washington*, 176 Wis. 2d at 214-15, 500 N.W.2d at 335-36.

In the present case, the trial court properly denied Toliver's ineffective assistance of counsel motion without a *Machner* hearing. Toliver's "Motion for Resentencing or Sentence Modification" was the vehicle for his ineffective assistance of counsel motion. It provides in part:

> 5) If trial counsel's failure to object to the breach at the time of sentencing constitutes a waiver of the issue, Mr. Toliver requests resentencing on the grounds that he was denied the effective assistance of counsel.

Toliver raised no factual allegations to support this assertion and, therefore, the court was not required to hold an evidentiary hearing on the matter. *Id.*

## DISPARITY IN SENTENCE AS A NEW FACTOR

Toliver makes two claims regarding his sentencing. First, he asserts that a disparity between Banks's and his sentencing constitutes a new factor and, therefore, the trial court erroneously exercised its discretion when it denied his motion for sentence modification and resentencing despite the new factor. Second, he asserts that the disparity between the sentences he and Banks received rendered his sentence harsh and excessive.

A sentence can be modified to reflect consideration of a new factor. *State v. Macemon*, 113 Wis. 2d 662, 668, 335 N.W.2d 402, 406 (1983). A new factor is a fact that is highly relevant to the imposition of sentence but was

not known to the sentencing judge either because it did not exist or because the parties unknowingly overlooked it. *Id.* There must also be a nexus between the new factor and the sentence, i.e., the new factor must operate to frustrate the sentencing court's original intent when imposing sentence. *See State v. Michels,* 150 Wis. 2d 94, 99, 441 N.W.2d 278, 280 (Ct. App. 1989). Whether a new factor exists presents a question of law which this court reviews *de novo. Id.* at 97, 441 N.W.2d at 279. If a new factor exists, the trial court must, in the exercise of its discretion, determine whether the new factor justifies sentence modification. *Id.*

Toliver posits that the disparity between his and Banks's sentences was a new factor that the trial court was unaware of at the time of sentencing. The trial court determined that the disparity was not a new factor and dismissed Toliver's motion. We agree with the trial court.

A mere disparity between the sentences of co-defendants is not improper if the individual sentences are based upon individual culpability and the need for rehabilitation. *See Jung v. State,* 32 Wis. 2d 541, 548, 145 N.W.2d 684, 688 (1966), *cert. denied,* 386 U.S. 999 (1967). The sentencing court expressed no desire for parity between Toliver's and Banks's sentences; instead, the court individualized Toliver's sentence based on the relevant factors, such as the severity of the offense, the need to protect the community, and the rehabilitative needs of Toliver. *See McCleary v. State,* 49 Wis. 2d 263, 276, 182 N.W.2d 512, 519 (1971). Thus, the disparity did not frustrate the sentencing court's original intent when it imposed Toliver's sentence. Therefore, because we agree with the trial court that

the disparity between the two sentences did not constitute a new factor, we affirm.

Toliver also asserts that the disparity between his and Banks's sentence rendered his sentence excessive and harsh. We disagree.

A trial court may review its sentence for abuse of discretion based on its conclusion that the sentence was unduly harsh or unconscionable. *See State v. Wuensch*, 69 Wis. 2d 467, 480, 230 N.W.2d 665, 672 (1975). In the present case, the trial court did not explicitly address Toliver's contention that the sentence was harsh and excessive when it denied his postconviction motion. The trial court did determine, however, that the disparity failed to constitute a new factor and, thus, it concluded the original sentence was properly based on all relevant sentencing factors. It thereby implicitly concluded that the sentence was neither harsh nor excessive. Accordingly, because we also conclude the disparity in sentences was not a new factor, and that the sentencing court properly addressed the relevant sentencing factors before handing down Toliver's sentence, we conclude that his sentence was neither harsh nor excessive. *See State v. Daniels*, 160 Wis. 2d 85, 103, 465 N.W.2d 633, 640 (1991) (when trial court applies correct rule of law but sets forth no reasons for its exercise of discretion, reviewing court may examine record to determine whether facts support trial court's decision).

For all of the foregoing reasons, the judgment and order of the trial court are affirmed.

*By the Court.*—Judgment and order affirmed.