State of Wisconsin, Plaintiff-Respondent,
v.
Tony P. Gildemeister, Defendant-Appellant.
No. 2005AP1817-CR.
Court of Appeals of Wisconsin, District I.
June 20, 2006.
Before Wedemeyer, P.J., Curley and Kessler, JJ.
PER CURIAM.
¶1 Tony P. Gildemeister appeals from a judgment and an order entered after he pled guilty to one count of first-degree sexual assault of a five-year-old child, contrary to WIS. STAT. § 948.02(1) (2003-04). He claims[1] the trial court erred in denying his postconviction motion seeking sentence modification based on a new factor. Because the information Gildemeister submitted post-sentencing did not frustrate the purpose of the sentence, no new factor warranting sentence modification exists and therefore, we affirm.

BACKGROUND
¶2 On January 13, 2004, Gildemeister was charged with one count of first-degree sexual assault of a five-year-old girl, who was the daughter of his girlfriend. The single count stemmed from six separate instances involving Gildemeister wherein he took off the girl's clothes, his clothes and then jumped on her, rubbed her bare vagina with his fingers, put on a condom and started "humping" her, showed her pornographic videos, explained to her the purpose of the condom and had her unroll it onto his erect penis. They also rubbed each others' genitals and he had her "jag him off."
¶3 Gildemeister entered into a plea agreement with the State and pled guilty. The trial court identified four objectives of Glidemeister's sentence: to punish, to protect the public, to rehabilitate and to deter. The trial court imposed a thirty-year sentence, composed of twenty-four years of initial confinement, followed by six years of extended supervision.
¶4 Post-sentencing, Gildemeister submitted a postconviction motion seeking sentence modification on the basis that a new factor warranted re-sentencing. The new factor consisted of three large files found in Children's Court regarding the protective services history and foster placement of Gildemeister. Gildemeister argued that these records documented his difficult childhood, the problems with his natural parents' cognitive limitations, and his own cognitive difficulties. The records also revealed that although his foster family provided him with a loving, positive experience, his natural parents attempted to stay involved in his life, often in a negative way. For example, when Gildemeister was fourteen years old, his natural father showed him a wall hanging of a nude woman and told him it was his mother. His father also showed him playing cards with naked women on them.
¶5 The trial court reviewed all of the social services records, but concluded that even if these records had been available before sentencing occurred, the original sentencing disposition would have been the same:
Although these documents give some color to the underlying issues of the defendant's character, they do not in any way demonstrate that he was unable to determine the wrongfulness of his actions nor do they show that his conduct was motivated by his childhood experiences. The crime he committed is actually all the more shocking in view of his positive adjustment as detailed in the records.[] Although the court now has the "complete" picture of Tony Gildemeister, it in no way mitigates the court's view that the original sentence imposed is necessary to punish the defendant for his actions and to protect the community, specifically young children, from horrendous offenses of this nature. Consequently, the court finds that the Children's Court records provided by the defendant do not constitute a new factor for purposes of sentence modification.
Based on this analysis, the trial court denied Gildemeister's motion. He now appeals.

DISCUSSION
¶6 Gildemeister contends that the Children's Court records constituted a new factor, warranting sentence modification. We cannot agree.
¶7 Sentence modification involves a two-step process. First, a defendant must show the existence of a new factor thought to justify the motion to modify sentence. State v. Franklin, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989). Then, if the defendant has demonstrated the existence of a new factor, the trial court must decide whether the new factor warrants sentence modification. Id.
¶8 A new factor is:
"a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties."
State v. Ralph, 156 Wis. 2d 433, 436, 456 N.W.2d 657 (Ct. App. 1990) (citation omitted). The mere discovery of a fact which the sentencing court could have considered at sentencing, but did not, does not satisfy this standard. State v. Michels, 150 Wis. 2d 94, 99-100, 441 N.W.2d 278 (Ct. App. 1989). Rather, a new factor "must be an event or development which frustrates the purpose of the original sentence. There must be some connection between the factor and the sentencing something which strikes at the very purpose for the sentence selected by the trial court." Id. at 99. The defendant must demonstrate the existence of a new factor by clear and convincing evidence. Franklin, 148 Wis. 2d at 1, 8-9. Whether a fact or a set of facts constitutes a new factor is a question of law decided by this court without deference to the trial court. Id. at 8. Whether a new factor, once established, warrants sentence modification is a discretionary determination made by the trial court. State v. Johnson, 210 Wis. 2d 196, 203, 565 N.W.2d 191 (Ct. App. 1997).
¶9 The State does not dispute that these records were unknown to the trial court at the time of sentencing and that much of the detail contained therein was also unknown. Thus, we need not address those factors. The pertinent disputed issue is whether the discovered records frustrate the purpose of the original judgment.
¶10 Gildemeister argues that the information produced the following new factors: (1) evidence that, as a result of high lead levels in his body, he functioned at a borderline intellectual level; (2) evidence that although he went to foster care at age one, his natural parents remained in his life to his detriment; and (3) evidence that his natural father was an alcoholic, mentally ill, and showed him inappropriate photos of naked women.
¶11 The trial court ruled that none of the newly discovered information frustrated the purpose of the original sentencing. We agree with that assessment. In reviewing the sentencing transcript, it is clear that the trial court had four objectives in imposing sentence: to punish, to protect the public, to rehabilitate and to deter future crimes.
¶12 The trial court addressed Gildemeister's character, giving him credit for finishing school, for working, for waiving the preliminary hearing, for cooperating with police, and for his willingness to plead guilty to spare the victim additional harm.
¶13 The trial court, however, emphasized the severity of the crime and the tremendous damage that Gildemeister's conduct caused for this little girl. The court was also troubled by the repeated nature of the assaults, despite Gildemeister admitting that he knew what he was doing was wrong. The trial court found the circumstances particularly aggravating, in part, because the victim would have a distorted view of sexuality. Further, the trial court was bothered by the lack of empathy from Gildemeister and concerned with the risk of recidivism.
¶14 Based on this review, we conclude that none of the "new factors" asserted by Gildemeister affect the trial court's determination that he needed to be punished for his actions and the community needed to be protected from him. The new information in no way reduced the seriousness of the crime or the need to deter future crimes. Therefore, because the new information does not frustrate the purpose of the original sentence, it cannot constitute a new factor warranting sentence modification. The trial court's decision was correct.
By the Court.  Judgment and order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.