HARBORVIEW OFFICE CENTER, LLC,
Plaintiff-Respondent,

v.

Randall L. NASH, Individually and
d/b/a O'Neil, Cannon, Hollman, DeJong, S.C.,
Defendant-Appellant,

GREAT AMERICAN INSURANCE COMPANY,
Brian Fischer, d/b/a Fischer-Fischer-Theis, Inc.
and Continental Casualty Company,
Defendants.

Court of Appeals

*No. 2010AP1802. Submitted on briefs March 30, 2011.
—Decided June 15, 2011.*

2011 WI App 109

(Also reported in 804 N.W.2d 829.)

162

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul R. Erickson, Kari H.*

*Race* and *Stacie H. Rosenzweig* of *Gutglass, Erickson, Bonville & Larson, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas B. Hartley, David P. Wilk* and *Miles W. Hartley* of *Guttormsen, Hartley, Wilk & Higgins, LLP*, Kenosha.

Before Neubauer, P.J., Anderson and Reilly, JJ.

¶ 1. NEUBAUER, P.J. Randall L. Nash, individually and d/b/a O'Neil, Cannon, Hollman, and DeJong, S.C., appeals from a summary judgment granted in favor of Harborview Office Center, LLC. Nash filed a claim against Harborview for attorney fees related to the underlying litigation in this case. At issue is whether a factual assumption made for the limited purpose of summary judgment precludes a litigant from disputing that fact in future proceedings. Where, as here, assumed facts were not actually litigated, determined based on evidence or essential to a judgment in a prior proceeding, issue preclusion does not apply. Because Nash's conduct was disputed and not finally determined in the prior litigation, a genuine issue of material fact exists as to whether his conduct bars his recovery of attorney fees. We reverse the circuit court's grant of summary judgment and remand for further proceedings.

## Background

¶ 2. This is the third time this matter has been before our court. This case arose out of the construction of Harborview Office Center in Kenosha. Shortly after construction was completed in 1997, water infiltration was discovered and unsuccessful efforts were made to remedy the problems. In 2001, Harborview filed suit

against various entities involved in the construction, claiming it would be necessary to remove and replace all of the office windows in order to resolve the continuing water infiltration problems. However, during the course of the litigation, Harborview's focus changed from the replacement of the windows to possible cracks in the exterior finishing of the building. Without notifying the construction defendants, Harborview authorized remediation work on the exterior finish. Based on a determination that Harborview acted egregiously in the spoliation of evidence during the litigation, the circuit court dismissed Harborview's claims against the construction defendants. Harborview appealed and this court affirmed in *Harborview Office Center, L.L.C. v. Camosy, Inc.* (*Harborview I*), No. 2005AP577, unpublished slip op. (WI App Feb. 15, 2006).

¶ 3. Harborview then brought professional negligence claims against Nash, its attorney during the construction, and Brian Fischer, an engineer and architect hired to oversee the remediation project. Nash counterclaimed for attorney fees. Both Nash and Fischer moved for summary judgment. Harborview's professional negligence claims were dismissed by the circuit court based on the doctrine of in pari delicto, which is premised on the principle that a plaintiff who has participated in a wrongdoing may not recover damages resulting from that wrongdoing. *See* BLACK'S LAW DICTIONARY 806 (8th ed. 2004). Again, this court affirmed in *Harborview Office Center, L.L.C. v. Nash* (*Harborview II*), Nos. 2008AP1964, 2008AP1988, unpublished slip op. (WI App Aug. 18, 2009) (per curiam).

¶ 4. With Harborview's professional negligence claims dismissed, the case returned to the circuit court to proceed on Nash's counterclaim for attorney fees. Harborview moved for summary judgment on Nash's

165

attorney fees claim based on the circuit court and court of appeals application of in pari delicto. Harborview argued that issue preclusion barred Nash from arguing that he was not in pari delicto with Harborview, and thus Nash could not recover attorney fees. Nash responded that the facts were disputed and there had been no findings as to his conduct. Following a hearing on May 28, 2010, the circuit court granted summary judgment in favor of Harborview based on the prior application of the doctrine of in pari delicto and dismissed Nash's counter-claim for attorney fees. Nash appeals.

## Discussion

¶ 5. We review a grant or denial of summary judgment de novo, and we use the same methodology as did the circuit court. *Cole v. Hubanks*, 2004 WI 74, ¶ 5, 272 Wis. 2d 539, 681 N.W.2d 147. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2009–10).[1] The inferences to be drawn from the under-lying facts are to be viewed in the light most favorable to the party opposing the motion. *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶ 23, 241 Wis. 2d 804, 623 N.W.2d 751. Summary judgment is not to be used as a short cut to avoid a full trial where a factual dispute exists. *State Bank v. Elsen*, 128 Wis. 2d 508, 511, 383 N.W.2d 916 (Ct. App. 1986).

██

¶ 6. The circuit court's grant of summary judg-ment in this case turned on its understanding of the

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

doctrine of in pari delicto and what was at issue in the earlier proceedings. In pari delicto applies the legal principle that no court shall aid a party whose claim is based on an illegal or immoral act. *Evans v. Cameron*, 121 Wis. 2d 421, 427, 360 N.W.2d 25 (1985). In a case of equal fault, the position of the defendant is stronger. *Id.* at 426. It is undisputed that the circuit court deemed Harborview's conduct in the underlying construction litigation to have been egregious, illegal or immoral such that its recovery against Nash and Fischer was barred by in pari delicto, and this court affirmed. Thus, the only issue is whether the nature of Nash's conduct has likewise been determined. We conclude that it has not.

¶ 7. Harborview contends on appeal that Nash's claim for attorney fees is barred by the doctrine of in pari delicto and that issue preclusion bars Nash from now arguing that he was not in pari delicto with Harborview. Issue preclusion "is a doctrine designed to limit the relitigation of issues that have been contested in a previous action between the same or different parties." *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 687, 495 N.W.2d 327 (1993). In determining whether issue preclusion applies to a particular claim, we apply a two-step analysis: (1) whether issue preclusion can, as a matter of law, be applied, and if so, (2) whether the application of issue preclusion would be fundamentally fair. *Estate of Rille v. Physician's Ins. Co.*, 2007 WI 36, ¶ 36, 300 Wis. 2d 1, 728 N.W.2d 693. As to the first step, we must determine whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether the determination was essential to the judgment. *Id.*, ¶ 37. Only if the first step is satisfied

167

do we move to the second inquiry—whether applying issue preclusion comports with principles of fundamental fairness. *See Id.* Thus, we first turn to whether the issue or fact of Nash's conduct was actually litigated and determined in the professional negligence action and whether that determination was essential to the court's dismissal of Harborview's claims against Nash. This determination involves a question of law which we review independently. *Id.* We begin with the underlying construction litigation.

¶ 8. In *Harborview I*, the circuit court dismissed Harborview's construction claims due to its spoliation of evidence. The circuit court cited *Garfoot v. Fireman's Fund Ins. Co.*, 228 Wis. 2d 707, 724, 599 N.W.2d 411 (Ct. App. 1999), for the proposition that "dismissal as a sanction for the destruction of evidence requires a finding of egregious conduct, which, in this context, consists of a conscious attempt to affect the outcome of litigation or a flagrant knowing disregard of the judicial process." After thoroughly examining the roles of the parties involved, the court's ruling focused on Fischer's conduct:

> Who caused the destruction? Unfortunately, Mr. Fischer with the authorization from the Harborview owners.
>
> Now, the next question is was it egregious? I have to answer this question yes. I think this was more than negligent conduct on Mr. Fischer's behalf.

The circuit court then imputed Fischer's conduct to Harborview and dismissed Harborview's action due to spoliation of evidence. Harborview's attorneys would later argue that in addressing spoliation, "[n]either the

trial court nor the court of appeals considered the conduct of Attorney Nash." We agree. The nature of Nash's conduct was not litigated, determined or essential to the judgment dismissing the construction action due to spoliation.[2] We therefore turn to *Harborview II*.

¶ 9. Following the dismissal of its case against the construction defendants, Harborview brought professional negligence claims against Nash and Fischer, and Nash counterclaimed for attorney fees. *Harborview II*, unpublished slip op. ¶ 2. Nash moved for summary judgment on the professional negligence claim, arguing that because Harborview was in pari delicto it could not recover. Harborview opposed summary judgment, contending that it had depended on Fischer and Nash to "further [its] lawsuit and preserve [evidence] in accordance with the rules of engineering and law during the course of this case" and that "[t]he real dispute" was whether Fischer notified Nash of the repairs and whose duty it was to notify the construction defendants. Harborview's attorney cited disputed issues of fact surrounding the roles of Nash and Fischer:

> [T]he whole question is[,] did Fischer communicate to Nash and Nash fulfill the duty.
>
> Fischer says I did. Nash says he didn't. Nash agrees to the standard of care that this is what he would have had to do and indeed, our expert says that was Fischer's standard of care. He should have told the defendants. Fischer's explanation is not only did I tell Nash, but those guys could have called me at any time. That's where the factual part of the case lies, and that's the dispute of material fact that we have here.

¶ 10. Nash, on the other hand, maintained that Harborview was an "active participant" in destroying

---

[2] We also note that Nash was not a party in *Harborview I*.

evidence and thus was in pari delicto—"regardless of what Fischer did, regardless of what Nash did, they cannot benefit from their wrongdoing." Nash argued:

> [E]ven if you assume that [Harborview's] theory of the case is true and that Nash was also aware of the reworking of the V-grooves, and even accepting [Harborview's expert's] opinion that Nash negligently failed to inform defendants, [Harborview's] claim still fails . . . . The result in this case does not change even if this Court goes so far as to assume that Nash advised [Harborview] to allow the destruction of evidence.

Thus, Nash invited the court to view the evidence and draw inferences in the light most favorable to Harborview, including assuming that Nash was negligent. The circuit court ultimately agreed with Nash, even adopting his summary judgment briefing in support of its decision.

¶ 11. The circuit court found that the deposition testimony and affidavits all indicated that the Harborview principals were professionals, "intimately involved in the ongoing discussions about what to do because this building leaks and when are we going to do it and how are we going to do it. They were the ultimate decision maker, Harborview, through its principals, to go ahead and make the repairs." Although the court determined that Harborview was "in pari delicto with their lawyer [Nash] and their engineer [Fischer]," it was evident in the context of the entire decision that the issue of Nash's and Fischer's negligence was assumed.

██

¶ 12. That Nash's alleged negligence was, as he puts it, "merely assumed for the purposes of a summary judgment motion" is further evident in our decision in *Harborview II*. There, we rejected Harborview's at-

tempt to argue the facts surrounding alleged negligence on the part of Nash and Fischer. We stated:

> Harborview ... asserts—without citation to the record—it is "undisputed" that its principals "had no reason to believe that their expert and/or their attorney would not notify the construction defendants." To put this assertion in context, we note what Harborview does not claim. First, the Harborview principals do not claim they did not know they had a duty to preserve evidence or that the repairs would destroy evidence. Second, they do not claim Fischer told them he had notified the construction defendants, had informed Nash, would tell Nash, or would wait for Nash's approval before commencing the work. Finally, the Harborview principals do not claim they asked whether the defendants knew of the leaking cracks or repair plan, whether Nash knew, or whether Nash had approved.

> In sum, Harborview's owners, aware of their duty to preserve evidence, ordered evidence-destroying repairs without consulting their attorney or inquiring whether the defense was aware of the newly discovered evidence or repair plan. As a matter of public policy, a party, alert of its duty, cannot authorize the destruction of evidence, sit idly by as the destruction proceeds, and then bring a claim against its expert or attorney after the underlying case is dismissed due to spoliation. In this situation, the party is in pari delicto with both its expert and attorney.

> Finally, we address Harborview's assertion that there is a material issue of disputed fact barring summary judgment. Harborview focuses on the dispute between Fischer and Nash regarding how long Fischer waited to notify Nash after the repairs had commenced. While perhaps material to the apportionment of negligence between Fischer and Nash were the malpractice case to proceed, the dispute is immaterial to our application of the in pari delicto doctrine. *For purposes of our analy-*

171

*sis, we may assume Fischer and Nash were both negligent.* However, Harborview was also at fault and the in pari delicto doctrine precludes Harborview from benefitting from its illegal or immoral conduct.

*Harborview II*, unpublished slip op. ¶¶ 14–16 (emphasis added). The assumed facts supporting Nash's alleged negligence in the underlying litigation and spoliation were immaterial because it was Harborview's ability to recover from Nash that was at issue and, under the facts of this case, it was Harborview's independent conduct that was dispositive for purposes of in pari delicto. Harborview now contends that Nash's successful use of in pari delicto against Harborview's professional negligence claim was a "gamble" that now bars his counterclaim for attorney fees. We disagree.

¶ 13. As Nash points out, any assumption as to his conduct was offered "as an intellectual exercise for the sake of the summary judgment motion, that the averments in Harborview's Complaint were true." Indeed, this is not uncommon in summary judgment practice and such an assumption, when not premised on findings based on evidence, is not binding in subsequent disputes. *See, e.g., Hocking v. City of Dodgeville*, 2010 WI 59, ¶ 34, 326 Wis. 2d 155, 785 N.W.2d 398 (assuming for purposes of summary judgment the existence of an express warranty but nevertheless concluding that there was no showing that such a warranty was binding); *C.L. Maddox, Inc. v. Coalfield Servs., Inc.*, 51 F.3d 76, 78–79 (7th Cir. 1995) (an assumption on summary judgment, rather than a finding based on evidence, is not binding in subsequent litigation).

¶ 14. It is evident from the record that the facts involved in Nash's alleged negligence were often disputed but not actually litigated or determined in the prior proceeding concerning Harborview's professional

172

negligence claim. Nor was a determination as to Nash's conduct essential to that judgment. *See Estate of Rille,* 300 Wis. 2d 1, ¶ 36. Nash's motion for summary judgment against Harborview did not concede negligence, nor did this court make any factual or legal determination as to Nash's negligence in the underlying litigation. Rather, *Harborview II* acknowledged the disputed roles of Fischer and Nash, observing: "Fischer contends he informed attorney Nash relatively soon after commencing the work, but Nash asserts he did not learn of the leaks or repairs until later," but noted, "[*r*]*egardless,* the construction defendants were not notified . . . until the repairs were nearly completed." *Harborview II,* unpublished slip op. ¶ 6. Again, it was Harborview's conduct at issue in *Harborview II*; its ability to recover turned on its own conduct, not that of Nash. As Nash argued at summary judgment, "[E]ven if you assumed the allegations of Harborview's Complaint, *i.e.,* that he was negligent, Harborview's claims were still barred by its own *egregious* conduct."[3]

¶ 15. Because we conclude, as a matter of law, that the issue of Nash's conduct has not been "actually litigated and determined in a prior proceeding" and was not essential to the judgment concerning Harborview's professional negligence claim, we need not reach the second step of the analysis. Nash's claim for attorney fees is not barred by issue preclusion. The issue of Nash's conduct was not resolved in the prior litigation, and it remains unresolved. A genuine issue of material

---

[3] Significantly, other than references to the general application of in pari delicto in the prior summary judgment and appellate decisions, Harborview has failed to point to undisputed facts establishing Nash's involvement in the destruction of the evidence. Moreover, Harborview has not explained how Nash's alleged negligence was essential to the prior judgment.

fact remains as to Nash's attorney fees claim and summary judgment is not appropriate.

## Conclusion

¶ 16. We conclude that the circuit court erred in granting summary judgment in favor of Harborview. Nash's invitation to the circuit court to assume for purposes of summary judgment that he was negligent is not a concession of negligence. Nor did the issue in the professional negligence case require or result in a factual findings or legal conclusions as to Nash's conduct. We conclude that there are genuine issues of material fact as to whether Nash's conduct in the underlying litigation and spoliation precludes him from now recovering attorney fees. We therefore reverse the circuit court's grant of summary judgment and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.