# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 24, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP498**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV173

**IN COURT OF APPEALS
DISTRICT II**

JAMES J. DOUBLEDAY AND
CHRISTINE M. DOUBLEDAY,

    PLAINTIFFS-APPELLANTS,

  V.

C. GOEMAN PROPERTIES V LLC,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Washington County: JAMES K. MUEHLBAUER, Judge. *Reversed and cause remanded for further proceedings.*

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. James and Christine Doubleday (the Doubledays), pro se, appeal an order granting summary judgment in favor of C. Goeman Properties V LLC (Goeman) in this private zoning enforcement action. We conclude issue preclusion does not apply because the Doubledays' claim that Goeman's right to a legal nonconforming use has lapsed was not "actually litigated" previously, resulting in a determination on the merits. Based on Goeman's failure to respond to the Doubledays' appellate arguments, we also conclude summary judgment was improperly granted on the Doubledays' other ordinance claims. Finally, we reject the Doubledays' assertion that they are entitled to summary judgment on their claims. We reverse and remand for further proceedings.

## BACKGROUND

¶2 Goeman operates a bar and restaurant on property in close proximity to the Doubledays' property. The bar and restaurant held a legal nonconforming status as the land it sat upon was rezoned residential during the time it operated. However, the operation closed on September 10, 2017, and did not reopen officially until more than twelve months had elapsed. During previous administrative proceedings, Goeman has argued that the property's status as a legal nonconforming use did not lapse by operation of law because the twelve-consecutive-month period of non-use was interrupted by an event held on May 5, 2018.

¶3      The Doubledays filed this action in 2021, seeking an injunction for various town ordinance violations and WIS. STAT. § 60.61(6) (2021-22).[1]  The Doubledays eventually moved for summary judgment, at which time their brief identified three remaining issues:  (1) whether Goeman's legal nonconforming use had lapsed under the zoning ordinances because the nonconforming use had been discontinued for twelve consecutive months; (2) whether Goeman had violated ordinances by parking cars illegally on residential properties; and (3) whether a roof vent on Goeman's property was too noisy.

¶4      The circuit court denied the Doubledays' motion for summary judgment and granted Goeman summary judgment on all claims.  The court concluded the claim regarding the lapse of Goeman's nonconforming use had been previously adjudicated and was therefore barred by claim and issue preclusion.  It concluded all other claims were not ripe.[2]  The Doubledays now appeal.

## DISCUSSION

¶5      We review a grant of summary judgment de novo.  ***Estate of Paswaters v. American Fam. Mut. Ins. Co.***, 2004 WI App 233, ¶13, 277 Wis. 2d 549, 692 N.W.2d 299.  Summary judgment is appropriate when the moving party

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] The Doubledays' brief-in-chief argues the circuit court erred in concluding that all claims except the nonconforming use claim were not ripe.  Goeman's Response brief does not address the court's ripeness determination.  Accordingly, we deem the argument conceded and reverse the dismissal of those claims. *See **Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (holding that unrefuted arguments are deemed conceded).  For the same reasons, we also conclude Goeman has conceded the Doubledays' argument that claim preclusion is inapplicable.  The Response brief addresses only issue preclusion, so we confine our analysis to that issue.

is entitled to judgment as a matter of law and no genuine issue of material fact exists. WIS. STAT. § 802.08(2). At the summary judgment stage, all facts and reasonable inferences from those facts are viewed in the light most favorable to the nonmoving party. *Bohm v. Leiber*, 2020 WI App 52, ¶8, 393 Wis. 2d 757, 948 N.W.2d 370.

¶6 On appeal, the parties primarily dispute whether issue preclusion applies to bar the Doubledays' action. Issue preclusion addresses the effect of a prior judgment on the ability to re-litigate an identical issue of law or fact in a subsequent action. *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶17, 281 Wis. 2d 448, 699 N.W.2d 54. Determining whether issue preclusion applies involves a two-step analysis: (1) whether issue preclusion can, as a matter of law, be applied; and if so, (2) whether the application of issue preclusion would be fundamentally fair. *Harborview Off. Ctr., LLC v. Nash*, 2011 WI App 109. ¶7, 336 Wis. 2d 161, 804 N.W.2d 829. The determination under the first step presents a question of law, whereas a determination under the second step is reviewed for an erroneous exercise of discretion. *Mrozek*, 281 Wis. 2d 448, ¶15.

¶7 Under the first step, we must determine whether the question of fact or law at issue was "actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether the determination was essential to the judgment." *Dostal v. Strand*, 2023 WI 6, ¶24, 405 Wis. 2d 572, 984 N.W.2d 382. An issue is "actually litigated" when it is properly raised and submitted for determination, producing a determination on the merits. *Id.* This inquiry ends our analysis here; because we conclude the legality of the alleged nonconforming use was not "actually litigated," we need not proceed to the second step.

¶8      To demonstrate that the "actually litigated" factor has been satisfied, Goeman argues that the issue of the lapse of its nonconforming use was the subject of two prior circuit court actions.[3]  Goeman's summary judgment brief noted that James Doubleday's first attempt at advancing the Doubledays' claims was via a certiorari action in Washington County Circuit Court case No. 2019CV162, which was dismissed based upon the court's determination that the matter was not ripe. Ripeness is a doctrine of avoidance, designed to keep courts focused on resolving concrete cases and not abstract or hypothetical disagreements. *Papa v. DHS*, 2020 WI 66, ¶30, 393 Wis. 2d 1, 946 N.W.2d 17.  A dismissal on ripeness grounds does not satisfy the "actually litigated" requirement as there was, by definition, nothing *to* litigate; accordingly, case No. 2019CV162 does not bar the current proceedings.

¶9      Goeman also argues the matter was actually litigated in Washington County Circuit Court case No. 2019CV485.  In that certiorari action, James Doubleday contested the town board's determination that the property owner had successfully avoided a lapse in the property's status as a legal nonconforming use by holding a single event during the twelve-month period at issue.

¶10     Goeman's summary judgment materials were coy, though, about the basis upon which Doubleday's claim was resolved.  A review of our decision in the ensuing appeal illustrates that the merits of the matter were not actually litigated.  Doubleday appealed the town board's decision to the Town of Hartford Zoning Board of Appeals.  The board of appeals dismissed Doubleday's appeal as untimely.  The circuit court upheld that determination, as did we.  *See Doubleday*

---

[3]  We confine our analysis to court actions, not to arguments presented to town boards.

*v. Town of Hartford*, No. 2019AP2375, unpublished op. and order (WI App Nov. 4, 2020). In doing so, we were careful to note that "[w]hether the Town Board was correct in making its determination that the March 5, 2018 'event' restarted the twelve-month clock is not before us." ***Id.***, n.3. Because none of the judicial determinations in No. 2019CV485 addressed the merits of the Doubledays' present claim, issue preclusion does not apply.[4]

¶11 Last, the Doubledays argue they are entitled to summary judgment on their claim that Goeman's right to a legal nonconforming use has lapsed. Based upon our review of the appellate Record, it appears there is a genuine dispute of material fact as to whether any town ordinances have been violated. Accordingly, further proceedings are appropriate.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Separately, Goeman argues the Doubledays' present claims have been "administratively resolved," and this case is therefore moot. For the foregoing reasons, we disagree that the twelve-month-lapse issue has been actually litigated and previously resolved. Moreover, we note that Goeman cites no law in support of this argument. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).