WERKOWSKI and wife, Plaintiffs and Respondents, v. WATERFORD HOMES, INC., Defendant: BAKKE, Defendant and Appellant.

*February 28—April 12, 1966.*

[4] Id. at page 147.

412

For the appellant there were briefs by *Lepp & Lepp* of Kenosha, and oral argument by *Burton Lepp*.

For the respondents there was a brief by *Helm, Myers, Gillett & Christensen* of Racine, and oral argument by *Einar Christensen*.

FAIRCHILD, J.   The plat was prepared in 1927. The subdivision lies along the easterly shore of the Fox river. A public highway between Rochester and Waterford

FILED

FRANKLIN W. CLARKE
SURVEYOR & ENGINEER
RACINE, WISCONSIN

N

NOTE
"●" CONCRETE MONUMENT
SCALE 1"=75'

runs along the easterly boundary of the subdivision. The area was divided into blocks and lots, drives, and park areas. The plat shows a channel which joins the river at its north and south ends, and the island between the channel and river was originally designated Fox Grove Park. Apparently the channel never existed, but was a proposed development. On the map Fox Grove drive runs from the channel at its west end to the highway at its east end.

On July 14, 1945, Ida Roesing, the owner of the subdivision, conveyed three parcels to the Werkowskis. Parcel 1 lay outside the plat. Parcels 2 and 3 were within it. Although the parcels were described by metes and bounds, it is apparent that parcel 2 corresponds to the part of the subdivision south of Fox Grove drive, and south of Fox Grove drive if extended west to the easterly shore of the river, except for five lots at the southerly end of the subdivision. Parcel 3 corresponds to lots 1 and 2 of block 3, with the northerly line of lot 2 and the south line of lot 1 extended westerly to the easterly shore of the river. Thus parcel 3 lies immediately north of Fox Grove drive, and north of Fox Grove drive if extended west to the easterly shore of the river. Parcel 2 was contiguous to the public highway. Parcel 3 was "landlocked."

In 1945 Fox Grove drive east of the west line of River View drive was in use as a road and although the degree of development as a street is not shown, this portion will be referred to as the developed portion. The portion of Fox Grove drive to the west will be referred to as the undeveloped portion.

At the end of the description of parcel 3, the following appears:

"Also: a right-of-way from the public highway to the parcel above described over the parcel designated as Fox Grove Drive in the plat of Fox Grove Subdivision, unrecorded."

The deed continues: "Parcels 2 and 3 above described are subject to the following restrictions, to-wit. . . ." There follow a number of provisions, most of which are restrictions upon use, and Mrs. Roesing, the grantor, also covenanted that all parcels later sold in Fox Grove would be subject to similar restrictions.

One of the provisions reads as follows:

"(5) Parties of the second part shall have the full and free right to use any of the parks and streets set aside and developed by first parties in said entire tract, as shown on the unrecorded plat and map thereof in common with first parties, their heirs, executors, administrators and assigns, and the other grantees of first parties, their heirs, executors, administrators and assigns in said tract."

On May 31, 1963, the heirs of Ida Roesing conveyed a number of parcels in the subdivision to Waterford Homes, Inc. Parcel 3 was described at one point as "Blocks Five (5) and Six (6) and strips of land which are designated as outlots for roadways referred to as Fox Grove Drive, Wood Drive, and River View Drive." There is also a metes and bounds description which includes a strip corresponding to an extension of Fox Grove drive west to the river. The description of parcel 3 closes with the following:

"Subject to rights-of-way as a means of ingress and egress to the public highway running from Rochester to Waterford across those outlots designated on the unrecorded plat of Fox Grove Subdivision as Fox Grove Drive and that part of River View Drive running northerly and northeasterly from Fox Grove Drive to a terminus on aforesaid public highway running from Rochester to Waterford."

Just before the action was started, Waterford conveyed to Bakke the undeveloped portion of Fox Grove drive and its extension west to the river. The house in question is being constructed on this parcel.

Werkowski testified he had made some use of the undeveloped portion of Fox Grove drive. He said he had put in a ditch to drain it, parked his car on it, and driven across it to reach his lots. There was also testimony that none of this use was apparent in 1963.

The principal problem is the proper interpretation of the provision granting the right-of-way, appurtenant to parcel 3, and of the provision for the right to use streets, appurtenant to both parcels 2 and 3. The learned county judge apparently concluded that both provisions essentially described the same type of right or easement, and he held that the right-of-way appurtenant to parcel 3 was coextensive with the parcel designated Fox Grove drive. He deemed it immaterial whether the streets shown on the map had been developed in 1945 when the deed was delivered, and concluded that construction of a house on the undeveloped portion of Fox Grove drive was an obstruction which violated Werkowskis' right-of-way.

Appellant Bakke also concludes that the right-of-way appurtenant to parcel 3 is essentially the same in extent as the right to use streets, but he stresses the word "developed" in the latter provision and argues that neither the right-of-way nor the right to use streets applied to any parcel except those which had been developed as streets in 1945. Thus he contends that the right-of-way granted as an appurtenance to parcel 3 gave Werkowski no more than the right to use the developed portion of Fox Grove drive and gave him no right at all to use the undeveloped portion of Fox Grove drive.

We take a different view, which gives different meaning to the two provisions. We think it important, in construing them, that different language was used; that the right-of-way provision was appurtenant only to the landlocked parcel 3, while the right to use streets provision was appurtenant to both parcels; that the word "developed" was used in the latter provision; and that the deed, by the language used, indicates that Mrs. Roesing

contemplated further sale of lots in the portion of Fox Grove subdivision which she retained. With all these factors in mind, we construe the right to use parks and streets provision as giving Werkowskis and their assigns the right, appurtenant to the lands in parcels 2 and 3, to use any of the parks or streets which had been or might be developed by Mrs. Roesing, as shown on the plat. Whether the Werkowskis or their assigns have such right to use any parks or streets developed by Waterford Homes since it acquired title need not now be decided.

The right-of-way provision, as we view it, was intended to be different, and granted Werkowskis a right-of-way for access from the highway to parcel 3, whether or not streets were developed. Very possibly there was some question whether the road, which was already in use along part of Fox Grove drive was "developed" as a street, and in any event a part of that parcel clearly had not been developed as a street.

The fact that the plat was never recorded is immaterial in this case, for there is no problem of identification of the plat referred to, and notice to Waterford Homes and to Bakke is undisputed.

There is a general rule that where property sold is described with reference to a plat or map upon which streets and ways are shown, an easement therein is implied,[1] although states have varying rules as to whether the easement applies to nonabutting streets, ways and parks.[2] There is no need to seek any implication in the case before us, because the deed contains express provisions.

The real problem with respect to the right-of-way appurtenant to parcel 3 is its location. The deed describes it as "A right-of-way from the public highway to the parcel above described over the parcel designated as Fox

[1] 17A Am. Jur., Easements, p. 649, sec. 39.

[2] Ibid. page 650, sec. 40, indicating some conflict in the Wisconsin decisions on this point. See also Anno. 7 A. L. R. (2d) 607, 648.

Grove Drive in the plat of Fox Grove Subdivision, unrecorded."

"It is well settled that if the location of a right of way is not defined by the grant, a reasonably convenient and suitable way is presumed to be intended, and the right cannot be exercised over the whole of the land. . . . If a location is not selected by either the servient or the dominant owner and they cannot agree upon a location, a court of equity has the power affirmatively and specifically to determine the location of the servitude. The reasonable convenience of both parties is of prime importance and the court cannot act arbitrarily, but must proceed with due regard for the rights of both parties." [3]

The record in this case does not contain facts sufficient to determine where the way should be located, nor its reasonable width, nor whether the house in question is necessarily an obstruction.

At the minimum, the Werkowskis would be entitled to a way across the northeast corner of the undeveloped portion of Fox Grove drive, sufficient to provide access to parcel 3, from the developed portion of Fox Grove drive, although the court must take all relevant factors into consideration in determining the location of a sufficient and reasonably convenient way. On this aspect of the case, a supplemental hearing and further finding would be necessary.

Reversal on this point, however, is probably a Pyrrhic victory for appellant Bakke, because of the apparent violation of the zoning ordinance. Although the county court made no findings with respect to zoning, the parties have placed before us, by stipulation, the applicable ordinance of Racine county, adopted by the town of Rochester.

The relevant portion of the ordinance requires a minimum lot area of 15,000 square feet, and a minimum width of 75 feet at the setback line. The description in the

---

[3] 17A Am. Jur., Easements, pp. 711, 712, sec. 101. See also pp. 727–736, secs. 119–125.

deed to Bakke indicates that the area of his land is approximately 13,735 square feet. It is true, as argued by Bakke, that no survey was in evidence, and conceivably, especially since the western boundary is the shore of a river, there may actually be more ground than the deed indicates. As to width, however, there was testimony that the parcel is 44.69 feet wide, that is the width according to the deed, and this is consistent with a measurement shown on the plat, indicating that Fox Grove drive is 50 feet wide, measured at an angle. A *prima facie* case of violation was shown, at least with respect to width. Although the ordinance provides for variance, Bakke neither pleaded nor proved that a variance had been authorized.

Sec. 59.97 (8), Stats., authorizes enforcement of a county zoning ordinance by injunctional order at the suit of an owner of real estate within the district affected. We perceive no reason on this record why Werkowskis are not entitled to an injunction enforcing the ordinance. Since, however, the case must go back for further hearing, we do not foreclose the county court from considering additional evidence on this issue in its discretion as the interest of justice may appear. Only in the event that the court determined that the residence building need not be removed could there be any consideration of Bakke's counterclaim for damages resulting from the temporary restraining order preventing completion of the building.

The judgment will require modification to some degree, in any event. Insofar as it enjoins interference with Werkowskis' right-of-way, it must be limited to a sufficient and reasonably convenient way as determined by the court. In any event the portion of Bakke's land west of Fox Grove drive, as shown on the plat, is not subject to Werkowskis' right-of-way. That strip, on the plat, was part of the proposed channel and the island designated Fox Grove Park. Insofar as the judgment enforces the

zoning ordinance, it should, in addition to ordering removal of the residence building, enjoin only such other uses or activities as would violate the ordinance.

*By the Court.*—Judgment reversed, cause remanded for further proceedings consistent with the opinion on file. No costs to either party on appeal.