Jacque H. LEITZKE, Plaintiff-Appellant,†

v.

MAGAZINE MARKETPLACE, INC., Defendant-Respondent.

Court of Appeals

*No. 90-2641. Submitted on briefs July 2, 1991.—Decided April 9, 1992.*

(Also reported in 484 N.W.2d 364.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Jacque H. Leitzke, pro se* of Watertown.

For the defendant-respondent the cause was submitted on the brief of *Robert A. Bender* of *Dierker, Bender & Levi, S.C.* of Watertown.

Before Eich, C.J., Dykman and Sundby, JJ.

SUNDBY, J. In this appeal, we decide that a contract to pay the plaintiff, Jacque H. Leitzke, $25,000, was not created when the number on his Winning Combination game piece matched six digits on the stamp sheet mailed to him by Magazine Marketplace, Inc., and he otherwise complied with the conditions of contest. We further decide that Leitzke's second cause of action under sec. 100.18, Stats., for deceptive advertising by

Marketplace is barred because not brought within three years after the occurrence of the alleged unlawful act. Section 100.18(11)(b)3, Stats. We therefore affirm the judgment and orders dismissing Leitzke's action.

On or about January 3, 1987, Leitzke received in the mail from Marketplace a Winning Combination Game Card. On the face of the game card was a silver circle and the following instructions:

> Rub off silver circle to reveal your winning combination. Compare it to the list of winning combinations on stamp sheet—place best matching stamp on back.

| MATCH | WIN | |
|---|---|---|
| 2 digits...................................................... | $250 | CASH |
| MATCH | WIN | |
| 4 digits...................................................... | $2,500 | CASH |
| MATCH | WIN | |
| 6 digits...................................................... | $25,000 | CASH |

On the reverse of the Game Card were "Rules" which instructed a contestant as follows:

> **IMPORTANT: Game piece must be returned to qualify for win.**
> Rub off silver circle on other side to reveal winning combination. Compare this number to the listing of combinations printed on enclosed magazine stamp sheet. Find the best match and return to qualify for win.
> A 2-digit match is worth $250 cash to winner—a 4-digit match is worth $2,500—and a 6-digit match is worth $25,000 EXTRA CASH.
> Purchase to win not required, and prize is guaranteed to be awarded between 3–15–87 and 4–22–88.

Leitzke rubbed off the silver circle which revealed a 6-digit number matching a 6-digit number on the enclosed magazine stamp sheet. He returned the material showing the match to Marketplace, as did 2,964,000 other contestants,[1] and confidently awaited his reward. His confidence was misplaced; Marketplace refused his demand for payment. Leitzke began this action May 23, 1988.

Both parties filed motions for summary judgment which the trial court denied on October 4, 1989. Leitzke then filed an amended complaint which alleged a second cause of action for deceptive advertising under sec. 100.18, Stats. Pursuant to stipulation, the parties filed motions requesting reconsideration of the court's denial of summary judgment. On reconsideration, the trial court, presided over by a different judge, denied Leitzke's motion for default and summary judgment and granted Marketplace's motion for summary judgment as to Leitzke's first cause of action. The court dismissed Leitzke's second cause of action because it was barred by sec. 100.18(11)(b)3, Stats.

■

The summary judgment methodology as it applies to contract cases is set forth in *Energy Complexes v. Eau Claire County,* 152 Wis. 2d 453, 461–69, 449 N.W.2d 35, 37–41 (1989). The first issue which the court must address is whether the complaint can survive a sec. 802.06(2)(f), Stats., motion to dismiss for failing to state a claim upon which relief can be granted. *Id.* at 462, 449 N.W.2d at 38. We conclude that Leitzke's first cause of action states a claim but that his second cause of action does not. In his first cause of action he alleges that Marketplace made him an offer, that he performed

---

[1]Marketplace mailed the identical Winning Combination Game Card and stamp sheet with the same 6-digit number to 21,215,000 contestants.

according to the terms of the offer, and a completed contract resulted. These allegations state a claim. However, Leitzke's second cause of action does not state a claim upon which relief may be granted because it is barred by sec. 100.18(11)(b)3 which provides in part: "No action may be commenced under this section more than 3 years after the occurrence of the unlawful act or practice which is the subject of the action." It is undisputed that Marketplace's alleged unlawful act occurred on January 3, 1987 and that Leitzke's cause of action based on that unlawful act was commenced upon filing of the amended complaint on March 16, 1990.[2]

██

In his *pro se* reply brief, Leitzke recognizes the "procedural shortcoming" of his second cause of action but argues that "it is wholly fitting and proper" that he base his second cause of action on Marketplace's 1988 mailing of the Winning Combination Game Card, which he also received. Leitzke has not, however, moved to amend his complaint to allege a cause of action based upon this later mailing. The trial court therefore properly dismissed Leitzke's second cause of action.

---

[2]Leitzke does not argue that the second cause of action alleged in his amended complaint related back under sec. 802.09(3), Stats., to the date he filed his original pleading. Under *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16, 20 (1992), we are instructed that *pro se* litigants who are not incarcerated persons are bound by the same rules that apply to attorneys on appeal. We have no duty to point such litigants to the proper substantive law. *Id.* We may, however, in the proper case "look beyond" the issues presented by the appellant. *Id.* at 453, 480 N.W.2d at 20. We conclude that this is not an appropriate case to exercise our discretion to "look beyond" the issues presented by Leitzke. The effect of sec. 802.09(3) on Leitzke's second cause of action was not argued to the trial court and has not been briefed here.

Under summary judgment methodology, we review independently the construction of a written contract, because such construction is normally a question of law. *Berg-Zimmer & Assocs., Inc. v. Central Mfg. Corp.,* 148 Wis. 2d 341, 345, 434 N.W.2d 834, 836 (Ct. App. 1988). Marketplace does not deny that Leitzke's performance of the conditions of contest created a contract. However, in its answer and proof, Marketplace disputes Leitzke's interpretation of the contract. Marketplace contends that under the contract, Leitzke's return of the game card only entitled him to be entered in the drawing for $25,000. The Wisconsin Supreme Court has held that summary judgment should not be granted when the contract is ambiguous and the intent of the parties to the contract is in dispute. *Energy Complexes,* 152 Wis. 2d at 467, 449 N.W.2d at 40. In its first decision, the trial court concluded that the contract was ambiguous and therefore refused to grant summary judgment. Upon reconsideration, however, the trial court, presided over by a different judge, implicitly concluded that the contract was not ambiguous. The court focused on the language of the Rules which emphasized in bold type: "**IMPORTANT: Game piece must be returned to *qualify* for win.**" (Emphasis added.) The court also noted that the Rules stated: "Find the best match and return to *qualify* for win." (Emphasis added.)

We conclude that the contract is unambiguous. Marketplace could have written the Rules to provide: "IMPORTANT: Game piece must be returned to win." The word "qualify" unambiguously informs a prospective contestant that something further will be required than merely returning the game piece showing matching numbers. "Resort to definitions, statutory or dictionary,

is appropriate for the purpose of determining meaning that is plain on the face of the statute." *State ex rel. Girouard v. Jackson County Circuit Court,* 155 Wis. 2d 148, 156, 454 N.W.2d 792, 796 (1990). Plainly, the same rule applies to determine the meaning of a word used in a contract. "It is not necessary or appropriate to find ambiguity before looking to word definitions." *Id.*

We conclude that the most appropriate definition of "qualify" is the following: "10. *Sports.* to demonstrate the required ability in an initial or preliminary contest: *He qualified in the trials.*" THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE (2d ed., unabridged, 1987). A further appropriate definition is as follows: "9. to get authority, license, power, etc., *as by fulfilling required conditions . . ..*" *Id.* (emphasis added).

We conclude that Leitzke won the first heat—he qualified for the main event. However, that is not enough to win the prize.

*By the Court.*—Judgment and orders affirmed.