Paul E. SPENCER, Jr., Plaintiff-Respondent,

v.

John KOSIR, Defendant-Appellant.†

Court of Appeals

*No. 2006AP1691. Submitted on briefs March 5, 2007.*
*—Decided March 27, 2007.*

**2007 WI App 135**

(Also reported in 733 N.W.2d 921.)

† Petition to review denied 7/17/07.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *J. Bushnell Nielsen* and *Bridget M. Hubing* of *Reinhart Boerner Van Deuren, S.C.* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Ralph W. Koopman* of *Koopman Law Office* of Eagle River.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. John Kosir appeals a judgment establishing Paul Spencer's right to an easement across

Kosir's property. Kosir argues the circuit court erred by finding the easement had not been abandoned and that the court erred in its determination of the location and width of the easement. We disagree with Kosir and affirm the judgment.

¶ 2. Kosir and Spencer own adjacent lots. Before Kosir's purchase in 1999, there were no significant improvements to either property. Spencer's property does not have access to the town road, but the deed reflects an easement across Kosir's property. Spencer only knew of the lot being visited twice. First, Spencer's mother visited the property in 1972 with her aunt who was the recorded titleholder at that time. Second, Spencer visited the property in 2003 with his attorney.

¶ 3. The easement in question has been continuously recorded since 1936. The easement states " . . . excepting and reserving in the grantors, a right of way for road purposes across the lands hereinabove described." No efforts were made to establish and use the easement until the 1990's when Spencer's mother, who then owned the property, made a number of unsuccessful attempts to contact Kosir's predecessors in title to reach an agreement on the location of the easement road needed to comply with a DNR managed forest lands agreement she entered.

¶ 4. In an effort to comply with the managed forest lands agreement, Spencer retained an attorney in 2003 to assist him with the easement. Kosir and Spencer subsequently met, at which time Kosir refused to permit a logging road on his property. In December 2004, Spencer filed this lawsuit seeking a judicial declaration confirming the existence and validity of

Spencer's easement rights and a determination of an appropriate width and location of the easement.

¶ 5. Both Kosir and Spencer moved for summary judgment. The circuit court granted summary judgment to Spencer, establishing an easement twenty feet wide with a road no wider than twelve feet. This roadway would be located along the eastern edge of Kosir's property and adjacent to Spencer's property. The court ordered Kosir to remove all of his personal property and/or improvements from the easement within sixty-days. The court's order also permits Spencer to cut down trees to clear a path for the easement. In turn, Spencer is required to compensate Kosir for the stumpage value of the harvested trees.

DISCUSSION

¶ 6. The grant or denial of a motion for summary judgment is a matter of law this court reviews de novo. *Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 536, 563 N.W.2d 472 (1997). We review summary judgment without deference to the circuit court but benefiting from its analysis. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987).

¶ 7. Kosir argues the nonuse of the easement for roughly seventy years was sufficient to establish that the easement had been intentionally abandoned. Alternatively, Kosir argues the circuit court incorrectly expanded the purpose and scope of the easement in creating a road access. We disagree.

¶ 8. Kosir relies upon *Burkman v. New Lisbon*, 246 Wis. 547, 18 N.W.2d 4 (1945), to support his nonuse argument. However, this decision supports Spencer's

position, and not Kosir's. In *Burkman,* the supreme court held that flowage rights acquired by prescription were lost by abandonment when the dam that created the rights was destroyed and no attempt was made to restore it. *Id.* at 557. In *Burkman,* an affirmative act, which helped persuade the court the rights were abandoned, was the fact that the dam was not rebuilt. *See id.* To reach this conclusion, the court relied on comments (c) and (d) of the RESTATEMENT OF THE LAW OF PROPERTY, VOL. V, § 504 (1940). *Id.* at 556. Comments (c) and (d) read as follows:

> *c. Conduct as to Use.* An intentional relinquishment of an easement indicated by conduct respecting the use authorized by it constitutes an abandonment of the easement. The intention required in the abandonment of an easement is the intention not to make in the future the uses authorized by it. The benefit of an easement lies in the privilege of use of the land subject to it. *There is no abandonment unless there is a giving up of that use. The giving up must be evidenced by conduct respecting the use of such a character as to indicate an intention to give up the use for the future as well as for the present. Conduct, when inconsistent with the continuance of the use, indicates an intention to give it up.* The conduct required for abandonment cannot consist of verbal expressions of intention. Such expressions are effective to extinguish an easement only when they comply with the requirements of a release and operate as such. Verbal expressions of an intention to abandon are relevant, however, for the purpose of giving meaning to acts which are susceptible of being interpreted as indicating an intention to give up the use authorized by an easement, but which do not give themselves conclusively demonstrate the intention which animated them.

> *d. Nonuse.* Conduct from which an intention to abandon an easement may be inferred may consist in a

526

failure to make the use authorized. *Nonuse does not of itself produce an abandonment no matter how long continued.* It but evidences the necessary intention. Its effectiveness as evidence is dependent upon the circumstances. Under some circumstances a relatively short period of nonuse may be sufficient to give rise to the necessary inference; under other circumstances a relatively long period may be insufficient. *The duration of the period of nonuse, though never conclusive as to the intention to abandon,* is ordinarily admissible for the purpose of showing intention in that regard. (Emphasis added).

We agree with the circuit court that these provisions are helpful in resolving the present case. Kosir also relies on other cases involving abandonment. However, all those cases involve easements that were established and used to some extent before they were abandoned. *See Povolny v. Totzke,* 2003 WI App 184, 266 Wis. 2d 852, 668 N.W.2d 834. Here, however, the easement's location was never established in the first place, let alone used. Therefore, case law that involves established easements which are later abandoned is not analogous.

¶ 9. We also agree with the circuit court's application of legal principles to the presented facts in this case. The court reasoned:

It is of no legal consequence that the easement road has not been constructed and used in all the years from 1936 to present. Spencer and his predecessors were under no affirmative legal obligation to construct the road when the easement was first created. It was a vacant, wooded parcel and was not occupied or used for any purpose by the owners at that time. The reservation of easement in 1936 was therefore in contemplation of a future need for legal access from the parcel to the town road. That need did not ripen until the

527

mid-to-late 1990's when a timber harvest was contemplated by the [managed forest lands] plan for this property. At that point Spencer's mother did exercise reasonable efforts to preserve her easement claim, and Spencer himself has done so by attempting to negotiate access with Kosir and by initiating this lawsuit.

Under these circumstances, the circuit court correctly held that the easement had not been abandoned merely because it was not used for seventy years.

¶ 10. Kosir also contends that Spencer's and his predecessors' acquiescence in Kosir's home construction and other structures and allowing trees to grow on his property are affirmative acts establishing an intent to abandon the easement. We disagree. The affirmative act required to demonstrate an intent to abandon must be that of the easement holder. Mere acquiescence is not an affirmative act. The actions of the servient owner alone cannot establish the easement holder's intent to abandon. *See* BRUCE & ELY, THE LAW OF EASEMENTS AND LICENSES IN LAND, § 10:20 (West Group, 2001). The first time Spencer had reason to appreciate the extent of Kosir's improvements was in 2003, when he was attempting to enforce the easement. Furthermore, there is no evidence that Kosir's improvements are so extensive as to render Spencer's use of a roadway impossible.

¶ 11. Because no path was ever created or contemplated, we also reject Kosir's argument that Spencer's conduct was essentially "allowing the easement path to fall into disrepair." Furthermore, we also note that in the context of abandonment no Wisconsin court has ever held that letting an easement fall into disrepair, by itself, is sufficient to establish abandonment. *See Povolny*, 266 Wis. 2d 852.

¶ 12. Alternatively, Kosir challenges the court's determination that the easement covers the eastern twenty-feet of his property and limits the travel portion to no more than twelve-feet in width. Kosir argues the easement should be limited to at most an eight foot wide walking path. We disagree.

¶ 13. The easement is described as "a right of way for road purposes." The easement does not have a specified width or location. When the location of an easement is not defined, the court has the inherent power to affirmatively and specifically determine its location, after considering the rights and interests of both parties. *See Werkowski v. Waterford Homes, Inc.*, 30 Wis. 2d 410, 417, 141 N.W.2d 306 (1966). We review equitable remedies for erroneous exercise of discretion. *See Mulder v. Mittelstadt*, 120 Wis. 2d 103, 115, 352 N.W.2d 223 (Ct. App. 1984). The circuit court properly exercises its discretion if it applies the appropriate law and the record shows there is a reasonable factual basis for its decision. *See Burkes v. Hales*, 165 Wis. 2d 585, 590, 478 N.W.2d 37 (Ct. App. 1991).

¶ 14. The court's determination of the location and width of the easement road is supported by facts in the record. The court found the easement was recorded and enforceable, entitling Spencer to "right of way for road purposes." Because the words "road purposes" specify the type of "right of way" to be granted, we reject Kosir's reading of this language as not granting a road easement. Spencer did not need to use an alternate form of access to drive vehicles to his property nor is he limited to a walking path.

529

¶ 15. The court considered Kosir's interests and located the easement on the eastern edge of Kosir's property, where it would least affect Kosir's property. The court also considered Kosir's complaints about the number of trees that would have to be cut. In response to these complaints, the court limited the width of the easement road to twelve feet and ordered Spencer to pay Kosir the stumpage value of the marketable trees harvested in order to open up the easement road. Despite his assertions to the contrary, the record establishes Kosir has to move only those structures located within the easement. The court applied the appropriate law, and the record shows a reasonable factual basis for the location and width of the easement road. *See id.* Therefore, we conclude the court properly exercised its discretion.

*By the Court.*—Judgment affirmed.