# 2020 WI App 52

## COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2019AP728

Complete Title of Case:

**MICHAEL BOHM AND GIGI BOHM,**

**PLAINTIFFS-RESPONDENTS,**

**V.**

**MICHAEL LEIBER AND KATRINA LEIBER,**

**DEFENDANTS-APPELLANTS.**

| | |
|---|---|
| Opinion Filed: | July 8, 2020 |
| Submitted on Briefs: | January 22, 2020 |

| | |
|---|---|
| JUDGES: | Reilly, P.J., Gundrum and Davis, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendants-appellants, the cause was submitted on the briefs of *John M. McTernan* of *Alia, DuMez & McTernan, S.C.*, Kenosha. |
| Respondent ATTORNEYS: | On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Thomas M. Devine* of *Devine Hahn, S.C.*, Racine. |

COURT OF APPEALS
DECISION
DATED AND FILED

July 8, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP728**

Cir. Ct. No. **2017CV950**

STATE OF WISCONSIN

IN COURT OF APPEALS

---

MICHAEL BOHM AND GIGI BOHM,

PLAINTIFFS-RESPONDENTS,

V.

MICHAEL LEIBER AND KATRINA LEIBER,

DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for Racine County: EUGENE A. GASIORKIEWICZ, Judge. *Affirmed in part; reversed in part and cause remanded.*

Before Reilly, P.J., Gundrum and Davis, JJ.

¶1    GUNDRUM, J.  Michael and Katrina Leiber appeal an order of the circuit court declaring as valid an easement over their property in favor of Michael and Gigi Bohm, the Leibers' neighbors to the north.  The Leibers claim the court erred in determining on summary judgment that the easement was not abandoned.  They alternatively contend that even if the easement remains valid, the Bohms nonetheless cannot build their planned driveway on it as the driveway does not constitute a "roadway," which is the easement's specified purpose.  We conclude that there is a factual question as to whether the easement was abandoned, and thus reverse on that issue, but agree with the circuit court that if the easement was not abandoned, the Bohms' proposed driveway is an acceptable use under the easement.

## Background

¶2    Prior to 1972, the Leibers' property and the Bohms' property were owned by Eugenia Meyer.  In 1972, Frederick and Jane Fowle purchased a parcel from Meyer, and in 1978, purchased an additional parcel.  In conjunction with the 1978 purchase, the Fowles received an easement over Meyer's remaining property, which was adjacent and to the south of the Fowles' property.  In relevant part, the easement document states that the seller (Meyer)

> grants for herself, her heirs, representatives and assigns, the right of easement to the parties of the second part, their heirs, representatives and assigns, to construct and maintain and use perpetually *a roadway for the purpose of ingress and egress* by the said parties of the second part, their licensees and invitees to lands lying north of and adjacent to the following described real estate ….

(Emphasis added.)  The document further describes the easement as being "66 feet" wide.

¶3      In 2000, the Bohms purchased the Fowles' property, including the easement on the adjacent property to the south.  At some point, Michael Bohm (Bohm), with the permission of the then-owners of the southern property (now the Leibers' property), planted numerous trees, created an approximately one-foot berm, and installed "removable solar landscape lighting" within the easement area.  As to the trees, Michael Leiber (Leiber) averred that they consist of "at least 61 new trees in the middle of the easement corridor," including "a grove of fruit trees, dozens of cedars, other conifers, and a redwood tree."

¶4      In 2016, the Leibers purchased the southern property over which the easement lies.  Leiber averred that prior to the purchase, Bohm told Leiber that Bohm "had no intention of ever building a roadway on the easement property."  After the purchase, the Leibers became concerned with tenants of the Bohms using a portion of the easement as a "parking lot."  As a result, the Leibers posted the property and erected fencing to prohibit this use.  They also constructed a driveway which enters onto a portion of the easement area.

¶5      The Bohms subsequently filed this declaratory judgment action requesting "a declaration of their right to the easement," an injunction prohibiting the Leibers from interfering with their right to use of the easement, and the removal of the Leibers' fencing and new driveway.  The Bohms also sought damages based upon alleged trespass by the Leibers.  The Leibers counterclaimed, alleging trespass by the Bohms.  The Bohms moved for declaratory judgment.

¶6      While this litigation was pending, the Bohms made plans to install a sixteen-foot-wide driveway on the easement.  This led to the amendment of the Leibers' counterclaim in order to allege that the driveway is not a permitted use of the easement as the easement only allows for construction of a "roadway" and the

proposed driveway does not constitute a roadway. Following the filing of the amended counterclaim, the Bohms moved for declaratory and summary judgment and the Leibers moved for declaratory judgment.

¶7     The circuit court entered an order, in favor of the Bohms, declaring that the easement was not abandoned, and is thus still valid, and that the Bohms' proposed driveway is a permissible use. The court also granted an injunction to the Leibers prohibiting the Bohms from continuing their use of the easement area for "arboretums, parking lots, or … private landscaping" as those were not permissible uses. The court further ruled that the Leibers may continue to utilize their already-constructed driveway as long as it does not interfere with the Bohms' easement right. The Leibers appeal the court's rulings that the easement is still valid and the Bohms' proposed driveway is a permissible use. The Bohms do not appeal the rulings in favor of the Leibers.

### *Discussion*

¶8     Our review of a circuit court's decision on summary judgment is de novo. *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶11, 318 Wis. 2d 622, 768 N.W.2d 568. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* "An issue of fact is genuine if a reasonable jury could find for the nonmoving party." *Nielsen v. Spencer*, 2005 WI App 207, ¶10, 287 Wis. 2d 273, 704 N.W.2d 390. At the summary judgment stage, all facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party, here, the Leibers. *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶23, 241 Wis. 2d 804, 623 N.W.2d 751.

¶9     "The grant or denial of a declaratory judgment is addressed to the circuit court's discretion. However, when the exercise of such discretion turns upon

a question of law, we review the question independently of the circuit court's determination." ***Olson v. Farrar***, 2012 WI 3, ¶24, 338 Wis. 2d 215, 809 N.W.2d 1 (citation omitted).

Validity of the Easement

¶10    The Leibers argue the circuit court erred in declaring upon summary judgment that the easement is still valid.  They insist there is a genuine issue of material fact as to whether the easement was abandoned due to the forty-year period in which a roadway had not been installed coupled with Bohm's planting of sixty-one trees in the easement area and his later comment that he "had no intention of ever building a roadway on the easement."  We agree there is a genuine issue of material fact.

¶11 Whether an easement has been abandoned is "ordinarily a question of fact." *See **Pollnow v. DNR***, 88 Wis. 2d 350, 362, 276 N.W.2d 738 (1979)[1]; *see also **Burkman v. City of New Lisbon***, 246 Wis. 547, 557, 18 N.W.2d 4 (1945).

¶12 In ***Spencer v. Kosir***, 2007 WI App 135, ¶3, 301 Wis. 2d 521, 733 N.W.2d 921, we considered whether an easement providing "a right of way for road purposes" was abandoned. Doing so, we turned to comments (c) and (d) of the RESTATEMENT OF THE LAW OF PROPERTY, § 504 (AM. LAW INST. 1944), which state:

> *c. Conduct as to use.* An intentional relinquishment of an easement indicated by conduct respecting the use authorized by it constitutes an abandonment of the easement. The intention required in the abandonment of an easement is the intention not to make in the future the uses authorized by it. The benefit of an easement lies in the privilege of use of the land subject to it. There is no abandonment unless there is a giving up of that use. The giving up must be evidenced by conduct respecting the use of such a character as to indicate an intention to give up the use for the future as well as for the present. Conduct, when inconsistent with the

[1] In a footnote, the Bohms challenge the Leibers' citation to ***Pollnow v. DNR***, 88 Wis. 2d 350, 276 N.W.2d 738 (1979), for the proposition that the question as to whether an easement was abandoned is one of fact. The Bohms assert that ***Pollnow*** "does nothing to preclude the imposition of summary judgment in the context of a private easement," because ***Pollnow*** concerned the abandonment of an easement by a public utility. Of note, the Bohms cite no case law suggesting the question of whether an easement was abandoned is one of law instead of fact. Moreover, the question centers around whether there was an "intentional relinquishment" of the easement "indicated by conduct respecting the use authorized by it," *see **Spencer v. Kosir***, 2007 WI App 135, ¶8, 301 Wis. 2d 521, 733 N.W.2d 921 (citing RESTATEMENT OF THE LAW OF PROPERTY, § 504 (AM. LAW INST. 1944)), and questions of intent are generally left to a factfinder, *see **Tri-Tech Corp. of America v. Americomp Servs., Inc.***, 2002 WI 88, ¶30 n.5, 254 Wis. 2d 418, 646 N.W.2d 822 ("[T]he issue of intent is generally not readily susceptible of determination on summary judgment."); *see also*, *e.g.*, WIS JI—CIVIL 3078 "Abandonment: Mutual" (stating in the context of mutual abandonment of a contract that abandonment "is purely a matter of intent to be ascertained from the facts and circumstances existing at the time the abandonment is alleged to have occurred."). Furthermore, our reference in ***Spencer*** to comment (d) of the Restatement provides strong indication the question of abandonment is for a factfinder as that comment provides: "The duration of the period of nonuse, though never conclusive as to the intention to abandon, is ordinarily *admissible* for the purpose of showing intention in that regard." *See **Spence**r*, 301 Wis. 2d 521, ¶8 (emphasis added; citation omitted).

continuance of the use, indicates an intention to give it up. The conduct required for abandonment cannot consist of verbal expressions of intention. Such expressions are effective to extinguish an easement only when they comply with the requirements of a release and operate as such. *Verbal expressions of an intention to abandon are relevant, however, for the purpose of giving meaning to acts which are susceptible of being interpreted as indicating an intention to give up the use authorized by an easement, but which do not of themselves conclusively demonstrate the intention which animated them.*

....

*d. Non-use. Conduct from which an intention to abandon an easement may be inferred may consist in a failure to make the use authorized.* Non-use does not of itself produce an abandonment no matter how long continued. It but evidences the necessary intention. Its effectiveness as evidence is dependent upon the circumstances. Under some circumstances a relatively short period of non-use may be sufficient to give rise to the necessary inference; under other circumstances a relatively long period may be insufficient. *The duration of the period of nonuse, though never conclusive as to the intention to abandon, is ordinarily admissible for the purpose of showing intention in that regard.*

(Emphasis added.)

¶13   As these Restatement comments and our reliance upon them in *Spencer*[2] indicate, Bohm's comment that he had "no intention of ever building a roadway on the easement," by itself, would be insufficient to constitute abandonment. Nor does the fact that the easement area never has been utilized as a roadway, by itself, conclusively show abandonment. These facts, however, could "giv[e] meaning" to Bohm's act of planting sixty-one "new trees in the middle of the easement corridor," including "a grove of fruit trees, dozens of cedars, other conifers, and a redwood tree." *See* RESTATEMENT OF THE LAW OF PROPERTY, § 504

---

[2] Our supreme court first relied upon these Restatement comments in *Burkman v. City of New Lisbon*, 246 Wis. 547, 556, 18 N.W.2d 4 (1945).

cmt. (c) (AM. LAW INST. 1944). In particular, Bohm's substantial planting is at least "susceptible of being interpreted as indicating an intention to give up the use authorized by [the] easement," i.e., the construction and maintenance of a roadway for ingress and egress.[3] While the planting of trees alone may or may not "conclusively demonstrate" an intention to permanently abandon the easement, when coupled with the forty-year period of nondevelopment of a roadway, including the nearly seventeen years of nondevelopment following the Bohms' purchase of the property, and Bohm's "no intention" comment, there is a question of fact as to

---

[3] In that regard, this case is distinguishable from *Spencer*, which found no abandonment despite a significant period of nonuse and acquiescence by the easement holder in the property owner's use of the property in a manner that was inconsistent with the use permitted by the easement. *Spencer*, 301 Wis. 2d 521, ¶¶9-10. We noted the requirement that there be an "affirmative act" by the easement holder, rather than the property owner, to show abandonment. *Id.*, ¶10 ("The affirmative act required to demonstrate an intent to abandon must be that of the easement holder."). As discussed above, and unlike *Spencer*, here there is evidence of an "affirmative act" by the Bohms sufficient to raise an issue of fact on abandonment.

whether the easement was abandoned.[4]  We reverse and remand for a trial on this issue.[5]

Scope of the Easement

¶14     The Leibers contend that even if the easement is valid, the driveway the Bohms plan to construct "would not qualify as a permitted use because a private driveway is not the same as a 'roadway.'"  The Leibers read the easement too restrictively.

---

[4] The Leibers also assert that even if the easement remains valid, because of Bohm's planting of the trees and his "no intention" comment to Leiber, purportedly made prior to the Leibers' purchase of their property, the Bohms should be equitably estopped from exercising their easement rights.  We do not address this assertion for two reasons.  First, the Leibers fail to develop an argument based on case law in support of estoppel.  Instead, they cite to two Restatement provisions, with no indication they have been adopted by a Wisconsin court and without even developing an argument for their adoption.  *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (holding that "[w]e may decline to review issues inadequately briefed").  Second, "estoppel" is an affirmative defense enumerated in WIS. STAT. § 802.02(3) that needed to be set forth in the Leibers' answer to the Bohms' complaint.  *See Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary Dist.*, 2019 WI 43, ¶¶44-45, 386 Wis. 2d 425, 926 N.W.2d 184 (holding that affirmative defenses, other than those enumerated in WIS. STAT. § 802.06(2)(a) (which are not applicable here), "*must* be raised in a responsive pleading."(emphasis added)).  Because the Leibers failed to raise their estoppel defense in their answer, they have waived it.  *See Maple Grove*, 386 Wis. 2d 425, ¶56 (holding that where an affirmative defense is not set forth in an answer and the answer has not been amended to include it, the defense "is deemed waived").

[5] WISCONSIN STAT. § 893.33(6) provides:

> Actions to enforce easements, or covenants restricting the use of real estate, set forth in any recorded instrument shall not be barred by this section for a period of 40 years after the date of recording such instrument, and the timely recording of an instrument expressly referring to the easements or covenants or of notices pursuant to this section shall extend such time for 40-year periods from the recording.

No party has suggested that this provision has any impact upon this case; therefore, we do not consider it.

¶15    The meaning and scope of an easement is a question of law we review de novo. *Hunter v. Keys*, 229 Wis. 2d 710, 715, 600 N.W.2d 269 (Ct. App. 1999).

¶16    While the "dominant estate [here, the Bohms' property] cannot be enlarged" by a proposed easement use and such use may not "contravene[ ] the express terms of the easement," *Grygiel v. Monches Fish & Game Club, Inc.*, 2010 WI 93, ¶¶16, 19, 33-35, 328 Wis. 2d 436, 787 N.W.2d 6, "[t]he owner of an easement may make changes in the easement for the purpose specified in the grant as long as the changes are reasonably related to the easement holder's right and do not unreasonably burden the servient estate," *Hunter*, 229 Wis. 2d at 715. "[T]he test is whether the owner of the dominant estate can reasonably use the property as intended…. [T]he easement must be interpreted so as to accomplish its purpose bearing in mind the reasonable convenience of both parties." *Atkinson v. Mentzel*, 211 Wis. 2d 628, 645-46, 566 N.W.2d 158 (Ct. App. 1997).

¶17    While the Leibers quibble about whether a sixteen-foot-wide driveway technically constitutes a "roadway," and go even further in contending the only acceptable construction on the easement would be a full sixty-six-foot-wide "street," there can be no reasonable dispute that the purpose of this easement is to afford the easement holder a means of vehicular access at this particular location to the western portion of the Bohms' property. As the circuit court noted, "the deed easement is simply allowing access to and from Newman Road along a specific geographic route for the sole purpose of ingress and egress…. [T]he sole purpose of the easement was and is to allow ingress and egress."

¶18    Here, the Bohms' proposed means of ingress and egress, the driveway, does not "contravene[]" the terms of the easement, *see Grygiel*, 328 Wis. 2d 436, ¶¶19, 33-35, but rather is "reasonably related to the easement holder's

right," *see* **Hunter**, 229 Wis. 2d at 715. Furthermore, far from enlarging the Bohms' property or unreasonably burdening the Leibers' property, the Bohms' proposed sixteen-foot-wide driveway would utilize far less of the easement area and place far less burden on the Leibers' property than would a sixty-six-foot-wide roadway. As the circuit court stated:

> [T]he [Bohms'] proposed access route actually preserves a 50-foot strip of land for use by the [Leibers]. While it is true that the easement allows for construction and maintenance of a 66-foot wide path by the [Bohms], construction of a 16-foot wide path is not contrary to the right granted by the easement. If such a restriction were contemplated, the language of the deeded easement fails in that regard. This Court reads the easement to allow the construction and maintenance of access within the geographical corridor of the easement up to and inclusive of a 66-foot wide access route. Nothing prevents construction of a route less wide than 66 feet.

While it appears the easement, if it is still valid, may be wide enough to accommodate a city street,[6] we agree that nothing in the easement language suggests that sixty-six feet is not only the maximum width of the easement but also the only acceptable width for a roadway.

¶19 The easement allows for the construction and maintenance of an access route affording a means of vehicular ingress and egress at this particular location to the western portion of the Bohms' property, a route that could be up to sixty-six-feet wide but not exceed that. The Bohms' proposed driveway is consistent with this purpose. Thus, if upon remand it is found that the easement was not abandoned, the Bohms' proposed driveway is permissible.

---

[6] *See* Village of Mount Pleasant Ordinance §§ 70-41(1), 74-190 (providing that "[a]ll proposed streets ... shall conform to the minimum right-of-way width as specified by Chapter 70 of this Code" and "the minimum right-of-way for a local street shall be 66 feet").

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.